VERONICA A. SCHUERF, Respondent, *v.* PAUL S. FOWLER, Appellant.

First Department, November 27, 1956.

*Joseph H. Gellman* for appellant.

*Samuel Grad* of counsel (*Robert B. Marcus,* attorney), for respondent.

*Per Curiam.* This filiation proceeding was instituted more than two years after the birth of the child. Under subdivision 1 of section 64 of the New York City Criminal Courts Act such proceedings may not be brought after the lapse of more than two years from the birth of the child, unless paternity has been acknowledged by the father in writing or by the furnishing of support.

The question which concerns us on this appeal is whether a letter written by defendant to the complainant on November 2, 1952, constitutes the required acknowledgment in writing.

There is neither express acknowledgment nor denial of paternity in the letter. It may be a fair inference from the

letter as a whole that defendant regarded himself as the father of the child, but that would be no more than inference, and certainly less than an unequivocal admission.

We construe the law to require a clear acknowledgment about which there is no doubt or equivocation. That does not mean that the acknowledgment would have to be in any precise words, but it should be clear and definite on the face of the writing or in its context. The writing in the present case does not quite reach that clarity.

We perceive a danger in taking any other view. In the kind of communication which passed between the parties here, things may be said or left unsaid out of considerations for feelings. A failure to deny paternity or even a seeming acquiescence in the assertion of paternity should not be taken as an admission. We are persuaded, therefore, that the statute requires an acknowledgment which is expressed and which does not have to be gleaned from interpretation.

A second jurisdictional question is raised with respect to the status of the mother as a temporary or permanent resident in this country. We find no need to reach the question in view of the holding hereinbefore indicated.

The order appealed from should be reversed and the complaint dismissed.

PECK, P. J., Cox and FRANK, JJ., concur; BREITEL and BASTOW, JJ., dissent and vote to affirm.

Order reversed and the complaint dismissed.