George 0. Becker, J.
This is a paternity proceeding under article VIII of the Domestic Relations Law. A complaint was filed in the Children’s Court on the 20th day of September, 1957 alleging that the complainant, “ Josepha Mendes,” gave birth to a child out of wedlock on the 27th day of October, 1952, and that *547 defendant contributed about $200 toward child’s support since birth. Miss ‘ ‘ Mendes ’ ’ testified that she received $10 on July 16, '1953 from the defendant and that on several subsequent dates she received additional moneys totaling $90 up to about Christmas, 1953; on several of the occasions subsequent to the birth, when she received money, complainant stated that she partiei1 pated in sexual relations with the defendant. Nocturnal visits l took place at about 5:00 a.m. at Miss “ Mendes’ ” apartment and •the defendant brought food for breakfast. During the year 1954, Miss ‘ ‘ Mendes ’ ’ testified she saw the defendant about 30 times and he gave her an aggregate of about $100 and, on a few of those occasions, they had sexual relations. For the year 1955, although the parties had seen each other 15 or 18 times and had sexual relations twice, Miss “ Mendes ” received $50 to $60, and the last occasion when she received money was on December 8, 1955.
A motion was made at the close of the complainant’s case to dismiss the complaint and one of the grounds for the motion to dismiss was that the proceeding is barred by subdivision 2 of section 122 of the Domestic Relations Law, in that the proceeding was not brought within a period of two years after the birth of the child.
Subdivision 2 of section 122 of the Domestic Relations Law t reads as follows: ‘ ‘ Proceedings to establish the paternity of the child may be instituted during the pregnancy of the mother or after the birth of the child, but shall not be brought after the lapse of more than two years from the birth of the child, unless paternity has been acknowledged by the father in ivriting or by the furnishing of support.” (Italics mine.)
The Statute of Limitations is a specific statute which provides, in substance, that the limitation period may be tolled by an acknowledgment of paternity in writing (Schuerf v. Fowler, 2 A D 2d 541) or by the furnishing of support.
For the purpose of the motion, we must assume the facts as testified as true and determine whether the moneys received by the complainant constitute furnishings of support as intended by the Legislature in the enactment of this Statute of Limitations. Support would include, but not be limited to, normally, contributions for food, shelter, clothing, medicine and medical care.
The ‘ ‘ furnishing of support ’ ’ must be a course of conduct that would be a substitute for a written acknowledgment of paternity; it must be tantamount to a recognition by the putative father of his child. There is a distinction between furnishing support and “payment of money”. Furnishing of support *548 may include contribution of money; the intention must be that the money is for the support of the infant and for no other purpose. Such furnishing of support should be regular and] fairly consistent. 1
Section 122 of the Domestic Relations Law is a special statute, not a general statute, of limitations. It clearly states that an action “ shall not be brought after a lapse of more than two years ”. Therefore, when the complaint is made, it must allege a basis for the tolling of the statute, if it is brought two years after the birth of the child. The burden is upon the complainant ■ not only to allege but to prove such allegation.
In Schuerf v. Fowler (2 A D 2d 541, supra) the court held, in interpreting a similar statute in a paternity proceeding under the New York City Criminal Courts Act, that a filiation proceeding may not be brought more than two years after the birth of a child unless the writing which the complainant contended tolled the statute contained a clear acknowledgment about which there is no doubt or equivocation, noting, at pages 541 to 542:
“ The question which concerns us on this appeal is whether a letter written by defendant to the complainant on November 2, 1952, constitutes the required acknowledgment in writing.
“There is neither express acknowledgment nor denial of paternity in the letter. It may be a fair inference from the letter as a whole that defendant regarded himself as the father of the child, but that would be no more than inference, and certainly less than an unequivocal admission.
“We construe the law to require a clear acknowledgment about which there is no doubt or equivocation. That does not mean that the acknowledgment would have to be in any precise words, but it should be clear and definite on the face of the writing or in its context. The writing in the present case does not quite reach that clarity.
“We perceive a danger in taking any other view. * * * We are persuaded, therefore, that the statute requires an acknowledgment which is expressed and which does not have to be gleaned from interpretation.” (Italics mine.)
The court in Schuerf v. Fowler {supra) obviously recognized the need for a “ clear acknowledgment about which there is no doubt or equivocation ” in order to toll the Statute of Limitations.
Just as the need for an acknowledgment of paternity in writing must contain a clear acknowledgment about which there is no doubt or equivocation, so an acknowledgment ‘ ‘ by the furnishing of support ’ ’ must be clear and certain and not be •' gleaned from interpretation. ]
*549 Occasional payments are not clear acknowledgment of paternity; there must be more than sporadic payments to toll the Statute of Limitations. Payments of some money over a period of time may not be taken as . an admission of paternity, particularly under circumstances where the payments may have other purposes.
We are not involved, in this proceeding with a public welfare official either bringing the suit or intervening therein. The fact that a proceeding may some day be brought by the commissioner of public welfare does not relieve the mother from complying with statutory requirements. If the child becomes a public charge, then, of course, the public welfare official may institute paternity proceedings regardless of the Statute of Limitations (Commissioner of Public Welfare v. Simon, 270 N. Y. 188).
There is valid reason for a Statute of Limitations. The purpose of a Statute of Limitations is to require any necessary litigation to be brought within such time as the particular facts and circumstances may be proved with the utmost certainty and before adequate proof has become stale or entirely lost (Leitch v. New York Cent. R. R. Co., 388 Ill. 236). “ The term 1 limitation ’ frequently has been defined as being the time at the end of which no action at law or suit in equity can be maintained, or, as otherwise expressed, a statute of limitations is the action of the state in determining that after the lapse of a specified time, a claim shall not be enforceable in a judicial proceeding.” (34. Am. Jur., Limitation of Actions, § 3, p. 15.)
The word ‘ ‘ limitation ’ ’ has also been defined to mean a bar to the remedy on the plaintiff’s cause of action occasioned by the lapse of time since the cause of action arose. (Christmas v. Russell, 5 Wall. [U. S.] 290.)
Although the complainant saw the defendant on numerous occasions over the period from July 16, 1953 to September 20, 1957, she received approximately $250 to $260, the last time being December 8,1955. There was a lapse of about 22 months from the last date .of alleged receipt of money to the date, of the filing of the complaint. On some of the occasions of the visits, the parties had sexual relations. The visits, in most instances, were early in the morning at Miss “ Mendes’ ” apartment.
To constitute an acknowledgment of paternity, whether the acknowledgment is in writing or by the furnishing of support, the law requires that there be “no doubt or equivocation”. The complainant has the burden of proving, with clarity, the conditions under which the statute may be tolled. This proof, like *550 other proof in an action of this type where the charge is so easy to make and difficult to disprove, must be clear, convincing and satisfactory. Such proof must be scrutinized and, if there is a serious question that the payments were made in acknowledgment of paternity, then the complaint must be dismissed.
In my opinion, the evidence was insufficient to toll the Statute of Limitations. The complainant failed to sustain the burden of proof. The motion is granted to dismiss the complaint upon the ground that the Statute of Limitations is a bar to this proceeding.
Let an order be entered.