# (February 23, 1961)

■ In the Matter of MARGIE SMITTLE, Appellant, v. ELBERT E. SMITTLE, Respondent.

APPEAL from an order and judgment of the Court of Special Sessions of the City of New York, entered April 19, 1960, which dismissed on the merits the application of the complainant for an order of filiation.

*Per Curiam.* This filiation proceeding was determined on section 64 of the New York City Criminal Courts Act providing that where suit is brought more than two years after the birth of the child, the complainant must establish that paternity was acknowledged either in writing or by proof that respondent furnished support. The record is clear that no sufficient proof of support was made (*Matter of "Mendes" v. "Pennyfeather"*, 11 Misc 2d 546).

Nor does the present record reveal an unequivocal writing acknowledging paternity. However there was a writing which might have been shown to meet the test. This was a card written by respondent in reply to an attorney's letter in which respondent states that he will take care of his obligations. At the time he was, according to the proof, indebted to the complainant for various sums of money which he had either borrowed or otherwise obtained from her. It is by no means clear what obligations are referred to or whether he deemed the support of the child an obligation. It is very possible that the attorney's letter, to which the card was an answer, would throw a revealing light on what obligations were referred to. That letter is not in the record.

The exaggerated circumstances of this case make it proper, in the interests of justice, that every avenue be explored. Therefore the order should be reversed on the law and on the facts, and a new trial ordered, without costs to either party.

Rabin, J. P., Valente, McNally, Steuer and Bastow, JJ., concur.

Order entered on April 19, 1960, denying complainant's application for an order of filiation and dismissing the complaint on the merits, unanimously

920

reversed, on the law and on the facts and a new trial ordered, without costs to either party.