RAYMOND A. SMITH, PETITIONER, *v.* THE HONOR-ABLE JOHN E. GABRIELLI, DISTRICT JUDGE OF THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE, DEPARTMENT NO. 3 THEREOF, RESPOND-ENT.

No. 4787

September 18, 1964                    395 P.2d 325

---

*Paul A. Richards,* of Reno, and *Arthur J. Crowley,* of Hollywood, California, for Petitioner.

*Gordon W. Rice* and *Leo P. Bergin,* of Reno, for Respondent.

## OPINION

By the Court, MCNAMEE, J.:

This is an original proceeding for a writ of mandamus.

Barbara A. McMinn commenced an action in respondent court by filing a verified complaint against the petitioner herein to require him to pay money for the support of her illegitimate child and for expenses in connection with his birth. Her complaint alleges that petitioner has acknowledged paternity of said child and has made payments to her for his support since his birth.

The child was born November 4, 1961. The action to enforce the obligations of the alleged father was commenced April 16, 1964.

NRS 126.340 provides: "Proceedings to enforce the obligation of the father shall not be brought after the lapse of more than 2 years from the birth of the child, unless paternity has been judicially established, or has been acknowledged by the father in writing or by the furnishing of support."

In the respondent court the petitioner filed a verified answer to the complaint denying paternity of the child and alleging as affirmative defenses the statute of limitations and laches. Thereafter, petitioner moved for summary judgment. Evidence in the form of petitioner's affidavit and the counter affidavit of McMinn was filed in support of and in opposition to said motion. There was also in evidence the said verified complaint and answer thereto and a verified complaint by Barbara A. McMinn against Raymond A. Smith filed December 20, 1961, in California, for the purpose of establishing the paternity of said child.

In her California complaint McMinn alleges:

"That defendant has failed, neglected and refused to

provide or to pay the necessary hospital and medical expenses which have been and will be incurred since the birth of Raymond Huston Smith and has refused to pay for the support of his son Raymond Huston Smith since his birth. That defendant does refuse to recognize or acknowledge that he is the father of Raymond Huston Smith and does refuse to acknowledge paternity of Raymond Huston Smith or recognize his legal responsibility as the father of Raymond Huston Smith."

In her complaint filed in respondent court she alleges that:

"Defendant has failed, neglected and refused to provide or to pay the necessary hospital and medical expenses which have been and will be incurred since the birth of Raymond Huston Smith and has refused to pay for the support of his son Raymond Huston Smith, except the sum of about $2,000.00, since his birth, though demand has been made upon him numerous times, both orally and in writing, so to do. Defendant has recognized Raymond Huston Smith as his son in various ways, including partial payment of his medical bills at birth, and some payments since for his support."

In petitioner's affidavit in support of his motion for summary judgment he states: "That your affiant has never acknowledged being the father of the minor child, Raymond Huston Smith, nor has he supported the minor child since the birth of the said child on November 4, 1961, nor has he paid any moneys to the plaintiff, Barbara A. McMinn, since the birth of the minor child, Raymond Huston Smith; that defendant has at all times denied the paternity of the minor child, Raymond Huston Smith."

In her affidavit in opposition to the motion for summary judgment McMinn alleges:

"Defendant Raymond A. Smith acknowledged being the father of our minor child, Raymond Huston Smith, many times, at least one of which was subsequent to Raymond Huston Smith's birth. This was during a phone conversation between Mr. Smith and me while I was in the hospital after the birth of our child.

"Defendant Raymond A. Smith has paid for the support of our minor child by paying for the birth and hospital expenses of the child, and also by paying money directly to Dr. James F. Fortune for his professional services in connection with the birth of said child.

"Defendant Raymond A. Smith acknowledged the birth of our son in writing by purchasing a cashier's check in the amount of $500.00 and giving said check to Dr. James F. Fortune as partial payment of the doctor's services in connection with my confinement with Raymond Huston Smith."

The McMinn affidavit makes no averment that petitioner made any payments for the support of the child other than the payment of certain birth and hospital expenses of the child and certain doctor bills in connection with the birth, although she had alleged in her Nevada complaint that since the partial payment of the medical bills at birth he had made "some payments since for his support."

Summary judgment of course is improper where any issue of fact remains for determination. Dredge Corp. v. Husite Co., 78 Nev. 69, 369 P.2d 676. Because the trial court must accept as true all evidence favorable to the party opposing the motion, respondent contends that the allegation in the Nevada complaint that support payments were made subsequent to the birth of the child leaves for determination a material issue of fact. Her affidavit however does not support this averment of her said verified complaint. It was therefore the duty of the lower court to rely upon the affidavit and disregard the conclusion appearing in the verified pleading that support payments were made subsequent to the birth of the child. Franktown v. Marlette, 77 Nev. 348, 364 P.2d 1069.

The next question for determination is whether the payments made by petitioner for hospital and medical expenses in connection with the birth of the child constitute "the furnishing of support" under NRS 126.340.

The record does not show whether the expenses of McMinn's pregnancy and confinement were paid all or in part before or after the child's birth. We hold this to be immaterial in the present case,[1] because regardless of when such payments were made they do not constitute the furnishing of support under NRS 126.340.

In People v. Pennyfeather, 11 Misc.2d 546, 174 N.Y.S.2d 766, the putative father contributed irregular payments amounting to about $200 toward the support of an illegitimate child after the child was born on October 27, 1952. The last occasion when she received money was on December 8, 1955. The mother's paternity proceeding was commenced September 20, 1957. The New York paternity statute in effect at that time provided that such a proceeding "shall not be brought after the lapse of more than two years from the birth of the child, unless paternity has been acknowledged by the father in writing or by the furnishing of support." This statute is almost identical with NRS 126.340. In that case the court held:

"The 'furnishing of support' must be a course of conduct that would be a substitute for a written acknowledgment of paternity; it must be tantamount to a recognition by the putative father of his child. There is a distinction between furnishing support and 'payment of money'. Furnishings of support may include contribution of money; the intention must be that the money is for the support of the infant and for no other purpose. Such furnishing of support should be regular and fairly consistent.

\* \* \* \* \*

"Occasional payments are not clear acknowledgment of paternity; there must be more than sporadic payments to toll the statute of limitations. Payments of some money over a period of time may not be taken as an admission of paternity, particularly under circumstances where the payments may have other purposes.

\* \* \* \* \*

---

[1]There is authority to the effect that acknowledgment of paternity or recognition of responsibility for the pregnancy of a woman before the birth of the child does not toll the running of the statute. Rosser, Legislative Note, 15 Ala.L.Rev. 350, 353 (1962).

"To constitute an acknowledgment of paternity, whether the acknowledgment is in writing or by the furnishing of support, the law requires that there be 'no doubt or equivocation'. The complainant has the burden of proving, with clarity, the conditions under which the statute may be tolled. This proof, like other proof in an action of this type where the charge is so easy to make and difficult to disprove, must be clear, convincing and satisfactory. Such proof must be scrutinized and, if there is a serious question that the payments were made in acknowledgment of paternity, then the complaint must be dismissed."

The Uniform Illegitimacy Act, which is the law of this state, NRS 126.010–126.380, differentiates the obligation a parent owes his child for necessary maintenance, education and support from the obligation of the father to pay the expenses of the mother's pregnancy and confinement. NRS 126.030.

The purported oral acknowledgment of paternity by petitioner during a phone conversation after the child's birth is of no significance, because an acknowledgment of paternity must be in writing under NRS 126.340. Nowhere does it appear that petitioner ever acknowledged paternity in writing. Respondent maintains however that the cashier's check given by petitioner to Dr. James F. Fortune as partial payment for the doctor's services in connection with the birth of Raymond Huston Smith constituted an acknowledgment in writing of paternity. No authority is cited to substantiate this contention. In fact, the cases of Schuerf v. Fowler, 2 App.Div.2d 541, 156 N.Y.S.2d 859, and People v. Pennyfeather, supra, are authorities to the contrary. To constitute an acknowledgment of paternity the law requires a clear acknowledgment about which there is no doubt or equivocation. An inference of paternity is insufficient.

In Hernandez v. Anaya, 66 N.M. 1, 340 P.2d 838, the cases of People v. Pennyfeather and Schuerf v. Fowler, supra, were cited with approval. The New Mexico Supreme Court's conclusion seemingly is inconsistent

with these New York cases. It can be justified however because of the nature of the particular proceeding in that case, which was an appeal from an order denying a motion to vacate a default judgment. The appellate court held that the trial court had jurisdiction to enter its judgment, and a sufficient ground to vacate was not presented.

Since no issue of fact remains for determination[2] the motion for summary judgment should have been granted. Inasmuch as there is no appeal from the denial of such a motion mandamus is a proper remedy. Dzack v. Marshall, 80 Nev. 345, 393 P.2d 610.

It is ordered that a peremptory writ of mandate issue requiring respondent court to dismiss said action against petitioner.

BADT, C. J., concurs.

THOMPSON, J., concurring:

By a dissenting opinion in Dzack v. Marshall, 80 Nev. 345, 393 P.2d 610, I expressed my opposition to the use of mandamus to compel the entry of a summary judgment. Though still of the same view, it is my obligation to accept Dzack as the controlling precedent as to the availability of mandamus here, and therefore concur in the opinion of the court.

---

[2]Pursuant to NRCP 33 the attorneys for McMinn served upon petitioner certain interrogatories to be answered. Petitioner's failure to make answer thereto in no way was prejudicial, because the interrogatories relating to the tolling of the statute of limitations pertained only to moneys advanced by petitioner for medical and hospital expenses during McMinn's pregnancy.