JOHN A. GARVEY, RITA A. GARVEY, JAMES A. GARVEY, PATRICIA M. GARVEY, JOHN O. GARVEY, AND LEONARD ROBINSON, SPECIAL ADMINISTRATOR OF THE ESTATE OF JACQUELINE GARVEY, DECEASED; THOMAS J. BARRETT, MARY BARRETT, PATRICK R. BARRETT, MARY BARRETT OGNAR, AND LEONARD ROBINSON, SPECIAL ADMINISTRATOR OF THE ESTATE OF NOREEN BARRETT, DECEASED, APPELLANTS, v. CLARK COUNTY, NEVADA; JAMES G. RYAN, JAMES BRENNAN, MYRON E. LEAVITT, ROBERT M. BROADBENT, THOMAS WEISNER, BOARD OF COUNTY COMMISSIONERS, CLARK COUNTY, NEVADA; AND STATE OF NEVADA ON RELATION OF ITS DEPARTMENT OF HIGHWAYS, RESPONDENTS.

No. 7576

February 27, 1975                    532 P.2d 269

128

[Rehearing denied April 7, 1975]

*Foley Brothers* and *Pat J. Fitzgibbons,* Las Vegas, for Appellants.

*Dickerson, Miles & Pico* and *Charles H. Wagner,* Las Vegas; *Robert List,* Attorney General, and *Margo Piscevich,* Deputy Attorney General, Carson City, for Respondents.

## OPINION

*Per Curiam:*

Appellants, who were the plaintiffs below, commenced this wrongful death action to recover damages for the death of two women pedestrians who were struck by a motorist at a cross-walk on State Highway 91 between the New Frontier and Desert Inn Hotels in Las Vegas. Respondent-defendant State of Nevada filed a motion to dismiss the complaint as to the State, and Respondent-defendant County of Clark filed a motion seeking a summary judgment in its favor. Both motions were granted. Hence, this appeal.

1. On May 1, 1970, Noreen Barrett and Jacqueline Garvey, out-of-state vacationers, attempted to cross the Las Vegas Strip on a walk designated for that purpose. They were struck by an automobile driven by Wellman Osborne.[1] Miss Garvey died instantly. Miss Barrett died soon thereafter. This action was filed on December 7, 1971. On July 31, 1973, an amended complaint was filed, naming the State of Nevada a party defendant.

2. The State, after being served with process, promptly filed, on August 17, 1973, a motion to dismiss, on the ground the action against the State was barred by the 2-year statute of limitations. NRS 11.190, subsection 4(e).[2] Appellants urge that the dismissal order was in error, since the amended complaint, bringing in the State, related back to the date the original complaint was filed, and therefore it is not barred by the statute. The original complaint included as party defendants "John Doe II through X." Appellants argue that by naming the "John Does," the complaint may be later amended to bring in the State, under NRCP 10(a).[3] However, appellants concede that they consciously elected not to name the State as a party defendant when they commenced the action. Consequently, the State in the instant case was not *substituted,* but rather was *added,* as a party defendant. The appellants' claim

---

[1]Mr. Osborne has settled with the appellants, and he is not a party to this action.

[2]NRS 11.190, subsection 4(e):

"Actions other than those for the recovery of real property, unless further limited by NRS 11.205 or by or pursuant to the Uniform Commercial Code, can only be commenced as follows:

" . . .

"4. Within 2 years:

" . . .

"(e) An action to recover damages for injuries to a person or for the death of a person caused by the wrongful act or neglect of another. The provisions of this paragraph relating to an action to recover damages for injuries to a person shall apply only to causes of action which shall accrue after March 20, 1951."

[3]NRCP 10(a):

"Every pleading shall contain a caption setting forth the name of the court and county, the title of the action, the file number, and a designation as in Rule 7(a). In the complaint the title of the action shall include the names of all the parties, but in other pleadings it is sufficient to state the name of the first party on each side with an ·appropriate indication of other parties. *A party whose name is not known may be designated by any name, and when his true name is discovered, the pleading may be amended accordingly.*" (Emphasis added.)

is barred by the 2-year statute, and the order of dismissal must be affirmed.

3. NRCP 56(e) provides in part that when a motion for summary judgment is made and supported as provided in the rule, the adverse party may not rest upon the mere allegations of his pleading, but he must, by affidavit or otherwise, set forth facts demonstrating the existence of a genuine issue for trial.[4] The County predicated its motion for summary judgment on the affidavit of Mr. George C. Monahan, Clark County Director of Public Works, which in essence negated any factual basis for liability on the part of the County. The appellants argued in opposition to the motion that the County under a preexisting agreement with the State had a duty to maintain adequate lighting at the intersection and that the County failed to do so. The appellants, however, offered nothing but the mere allegations of their complaint to support their position. Accordingly, the court below properly granted the County's motion for summary judgment. Both the orders of the district court are affirmed.

---

[4]NRCP 56(e):

"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."