Howard Miller, J.
The within action is a paternity suit in which the petitioner seeks a determination of paternity against the respondent. The child was born on September 14, 1972. The proceeding was commenced on April 4, 1976. Respondent moves for dismissal of action in that more than two years has passed since the birth of the child and therefore not timely. Respondent has supported, maintained and provided for the child while the parties were living together until January, 1975.
Petitioner and respondent met in August, 1968. In August, 1969, petitioner rented an apartment in Nyack, New York. At that time respondent moved in with petitioner and they then shared expenses.
In March, 1971, respondent was transferred to Ohio. Petitioner followed in July, 1971 and moved in with respondent who signed the lease and paid the bills. On September 14, 1972, Casey Edward Ryder was born in Ohio, having been conceived in December, 1971. Respondent was named as the father on birth certificate. In October, 1972, petitioner moved back to New York because respondent was transferred to New York. Petitioner moved in with her parents at that time.
In October, 1973, respondent bought a house and petitioner moved in with him. They lived together as a family unit until January, 1975. During this time, respondent paid the mortgage, taxes, utilities, food and other expenses for the petitioner and the child.
The child was baptized at St. Aedan’s church on October 8, 1972 at which ceremony the respondent participated, taking the child to church.
The evidence submitted by petitioner is not refuted by the *137 respondent who claims that the proceeding is barred by reason of the limitation imposed by subdivision (a) of section 517 of the Family Court Act in that the proceeding is not timely commenced.
Subdivision (a) of section 517 of the Family Court Act provides that proceedings to establish the paternity of a child may not be instituted after the lapse of more than two years from the birth of the child, unless paternity has been acknowledged by the father in writing, or by furnishing support.
In the present case, there can be no doubt that the respondent has furnished support of the child. The petitioner and respondent lived together from August, 1969 to March, 1971, from July, 1971 until September, 1972 (during which period the child was conceived and born) and from October, 1973 until 1975. During this time period, respondent paid, either directly or through petitioner, the expenses of running the household for the family unit consisting of the respondent, petitioner and the child and petitioner’s child by a previous marriage, except that during the early period of the relationship rent was shared. It is apparent that during October, 1973 to 1975 the respondent paid for the maintenance, care, feeding and clothing of the child, who was part of the "family unit”.
Money contributed to the expenses of the household does not have to be earmarked for a particular purpose, or particularly for the support of the child concerned. It is sufficient if the funds are provided for the household unit of which the child in question is a part. The regular payment of household expenses of which household the child in question is a part inures to the benefit of all those residing in the household, including the child concerned in these proceedings. Therefore, the court finds that the respondent did pay for the support of the child herein, thus tolling the limitation as being within the exception provided in subdivision (a) of section 517 of the Family Court Act. Here respondent furnished support within two years of the birth of the child specifically October, 1973 to January, 1975, the child having been born on September 14, 1972. Matter of Mendes v Pennyfeather (11 Misc 2d 546) must be distinguished from the case at bar for in that case the parties lived separate and apart. In the case at bar we have one household in which the petitioner, respondent, the child concerned and another child of the petitioner of another marriage lived as a family unit.
The case at bar must be distinguished from Matter of Wong *138 v Beckford (28 AD2d 137) cited in support of the motion to dismiss where the sporadic payments and occasional gifts were held insufficient to toll the two-year limitation period provided in subdivision (a) of section 517 of the Family Court Act.
The case of Matter of ABC v XYZ (50 Misc 2d 792) also has no relevance to the issue. In that case, support was furnished by a putative father who denied paternity but paid support through a court approved agreement under section 516 of the Family Court Act. The court there held that the statute and agreement which provided support did not preclude further judicial inquiry as to parentage. Thus the agreement and support paid under the agreement did not toll the statute. Obviously, in the case at bar there was no such agreement.
Also cited by respondent are Schuerf v Fowler (2 AD2d 541) and Dolores D. v Marie D. (69 Misc 2d 689) these cases are irrelevant in that they involved a written acknowledging paternity in some way or another.
The situation in the case at bar is unique in that the respondent and petitioner were living together and have lived as husband and wife for a considerable period of time, as recently as January, 1975. Furthermore, the support of the child in the present case was not sporadic or miniscule as in the cases cited. The child was always well fed, clothed and had comfortable surroundings. This was a result of the purchases and contributions of the respondent during the period in question and while respondent and petitioner lived together. It is not a situation in which a small payment was made to the mother for no certain purpose by a man not living with her. The support here is tantamount to acknowledging the child as respondent’s own. It is not disputed by the respondent that he paid expenses of the household with the petitioner, and therefore the court finds that payments of support have been made by the respondent within two years of the commencement of these proceedings and that the petition is timely.
Motion to dismiss is denied.