THE STATE OF NEVADA, on relation of its Department of Highways, Petitioner, *v.* EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, et al., Respondents.

No. 11462

October 29, 1979
601 P.2d 710

*Richard H. Bryan,* Attorney General, and *Norman C. Robison* and *Ernest Adler,* Deputy Attorneys General, for Petitioner.

*John F. O'Reilly,* of Las Vegas, for Respondents.

## OPINION

By the Court, THOMPSON, J.:

In this action to recover damages for personal injuries the district court allowed the plaintiff to amend her complaint to name the State of Nevada a party defendant in place of Doe 1. The State thereupon moved to dismiss contending that it was added as a party defendant rather than substituted, and that the two year statute of limitations had run against the claim for relief alleged against the State.

The issue then before the court was whether the amendment was a substitution of a party for the originally named Doe 1, or the addition of a party defendant. If a substitution, the State would be deemed a party to the action from its commencement and the bar of limitations would not be available as a defense since action was commenced before the limitation period had run. NRCP 10(a); Servatius v. United Resort Hotels, 85 Nev. 371, 455 P.2d 621 (1969); Hill v. Summa Corporation, 90 Nev. 79, 518 P.2d 1094 (1974) (concurring opinion).[1] On the other hand, if the amendment amounted to an addition of a party defendant, the statute of limitations would bar relief since the amended complaint was not filed until more than three years had passed following the accident. Garvey v. Clark County, 91 Nev. 127, 532 P.2d 269 (1975); Knight v. Witco Chemical Co., 89 Nev. 586, 517 P.2d 792 (1973).

We noted in Hill v. Summa Corporation, supra, that NRCP 10(a) does not refer to a party who is not known, but rather to a party whose name is not known. It is designed to embrace the case where the plaintiff has in mind the identity or description of the fictitiously named defendant but not his true name.

The record does not reflect that the plaintiff knew that the State was involved but did not know its name. The opposite is the case. The plaintiff did not know that the roadway where the accident occurred was under state control until a codefendant,

---

[1] NRCP 10(a): ''. . . . A party whose name is not known may be designated by any name, and when his true name is discovered, the pleading may be amended accordingly.''

Clark County, filed a motion to dismiss the claim asserted against it, which motion was filed more than two years after the accident happened. Thus, the identity of the State as a defendant was not known to the plaintiff until after limitations had run. The State's motion to dismiss should have been granted. Knight v. Witco, supra.[2]

———————

An appeal does not lie from an order denying a motion to dismiss. Thus, we must decide whether extraordinary relief is appropriate. Although mandamus normally is not available to review discretionary acts of a district court, Wilmurth v. District Court, 80 Nev. 337, 393 P.2d 302 (1964), statute provides that the writ may issue to compel the performance of an act which the law especially enjoins as a duty resulting from office. NRS 34.160. When the right to a dismissal is clear, the extraordinary relief of mandamus is available to compel dismissal. Smith v. Gabrielli, 80 Nev. 390, 395 P.2d 325 (1964); Dzack v. Marshall, 80 Nev. 345, 393 P.2d 610 (1964).

We order that a peremptory writ of mandate issue requiring the respondent court to dismiss this action against the State of Nevada.

MOWBRAY, C. J., and MANOUKIAN, J., concur.

GUNDERSON, J., dissenting:

When plaintiff's counsel instituted this action, he sought to designate the governmental road owner—which ultimately turned out to be the State of Nevada itself—by a subdivision name through which the State commonly transacts business, including ownership of other roads in southern Nevada. Now, having allocated some but not all of its road ownership to that subdivision (the County of Clark), the State of Nevada here contends that a timely action naming its subdivision as defendant was untimely as against itself. I cannot agree.

Plaintiff's counsel clearly intended to sue the governmental entity which owned the roadway in question. As in Servatius v. United Resort Hotels, 85 Nev. 371, 455 P.2d 621 (1969)—in which the plaintiffs mistakenly sued the wrong corporation, "Aku Aku, Inc."—here plaintiff's counsel incorrectly sued a related entity, i.e. Clark County, through which our government does business for other purposes in the same general area.

———————

[2]In denying the State's motion to dismiss the district court relied upon our opinion in Garvey v. Clark County, 91 Nev. 127, 532 P.2d 269 (1975). In Garvey the plaintiffs conceded that they consciously elected not to name the State a defendant when suit was commenced. Nothing of that sort appears in the case at hand.

Here, as in the *Servatius* case, the intent was to sue the owner; the mistake was in suing such owner by naming a related entity.

If anything, it appears to me the facts of this case are stronger than those of the *Servatius* case. By dividing itself into various subdivisions, of which several sometimes share the State's responsibilities in a given area, the State inevitably creates doubt about the technical ownership of governmental property. Indeed, at particular times, due to territorial disputes between the governmental entities themselves, it may sometimes be legally debatable which entity in fact has legal authority over, and ownership of, a particular roadway. *See* County of Clark v. City of North Las Vegas, 89 Nev. 10, 504 P.2d 1326 (1973). I therefore respectfully submit that this court should not establish rules of procedure so inflexible that the State may never be substituted in place of a subdivision created for the State's legal convenience.

I note that the result of a rigid holding will be that careful lawyers must, hereafter, name not only the State of Nevada, but every subdivision which may possibly have an interest. I respectfully submit this will entail unnecessary expenditure of time by government attorneys, who might have been spared involvement if our district courts were allowed flexibility to permit the amendment of pleadings in appropriate cases.

In addition, I note NRAP 3A(b)(5) does not contemplate that denial of a motion to dismiss may be challenged by mandamus. Thus, by assuming jurisdiction of this case, the court is not only extending the holding of Dzack v. Marshall, 80 Nev. 345, 393 P.2d 610 (1964), but going beyond the scope of the appellate rule predicated on that holding.

BATJER, J., dissenting:

I respectfully dissent. The facts of this case are unique and not the usual situation where an attempt is made to substitute a stranger for the party originally named after the expiration of the statutory limitation on actions. NRS 11.190(4)(e). Here, the named defendant in the action was the County of Clark, a political subdivision of the State of Nevada. As the United States Supreme Court said in Reynolds v. Sims, 377 U.S. 533, 575, 84 S.Ct. 1362, 1388, 12 L.Ed.2d 506 (1964):

> Political subdivisions of States, counties, cities, or whatever—never were and never have been considered as sovereign entities. Rather, they have been traditionally regarded as subordinate governmental instrumentalities created by the State to assist in the carrying out of state governmental functions.

Regardless of how it is denominated, the real issue before this court is whether the district court erred when it "substituted" the State of Nevada as a party defendant and permitted the substitution to relate back to the filing of the original complaint, *see* NRCP 15(c),[1] thereby precluding the defense by the state of the statute of limitations. I find no error.

As in Servatius v. United Resort Hotels, 85 Nev. 371, 455 P.2d 621 (1969), the intent of the plaintiff was to sue the real owner of the roadway. I agree with the observation by GUN-DERSON, J., in his dissent that this court should not establish rules of procedure so inflexible that the state may not be substituted in place of a subdivision created for the state's legal convenience.

I would deny the writ.

---

[1]NRCP 15(c):

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."