ROBERT J. MOORE, INDIVIDUALLY, AND ROBERT J. MOORE AND ROBERT E. RHINE, D.B.A. JUMBO HOMES, PETITIONERS, v. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK, AND THE HONORABLE THOMAS J. O'DONNELL, DISTRICT JUDGE, RESPONDENTS.

No. 12308

April 30, 1980

610 P.2d 188

*Bell & Young, Ltd.,* of Las Vegas, for Petitioners.

*Jack J. Pursel,* of Las Vegas, for Respondents.

---

## OPINION

By the Court, THOMPSON, J.:

The petitioners, Moore and Rhine, are defendants in a personal injury action commenced by Joseph and Rayma Robinson. In that action they filed a motion for partial summary judgment to exclude the first $10,000 of special damages from any recovery the Robinsons will receive, since liability to the Robinsons is admitted. Joseph Robinson has alleged special damages including medical expenses in excess of $10,000. When the automobile collision happened the defendant Moore carried liability insurance with Civil Service Employees Insurance Co. with limits of $100,000 per person and $300,000 per accident. The plaintiff Joseph Robinson was not insured.[1]

The issue tendered to the district court by the motion for partial summary judgment was whether the Nevada legislature, in enacting NRS ch. 698, the Motor Vehicle Insurance Act, intended to preclude Joseph Robinson, an uninsured motorist, from recovering from defendants those damages he could have recovered under no-fault insurance coverage had Robinson, in fact, maintained such coverage. The district court ruled that Robinson was not precluded, and denied the defendants' motion. Moore and Rhine, through this proceeding in mandamus, seek to compel the entry of partial summary judgment. In response, it is asserted that mandamus is not an available remedy.

The remedy of mandamus is available to compel the district court to rule properly if, as a matter of law, a defendant is not liable for any of the relief sought. State ex rel. Dep't Hwys v. District Ct., 95 Nev. 715, 601 P.2d 710 (1979); Smith v. Gabrielli, 80 Nev. 390, 395 P.2d 325 (1964); Dzack v. Marshall, 80 Nev. 345, 393 P.2d 610 (1964). The petition before us tenders only a legal question. An issue of material fact is not present.

In the cited cases, however, the legal issue presented through the proceeding in mandamus disposed of the entire controversy. That is not the situation here. Summary judgment was

[1] The accident happened in 1974. The Nevada Motor Vehicle Insurance Act, NRS 698.010-698.510, was then in effect. That Act has since been repealed, effective January 1, 1980. *See* 1979 Stats. of Nev. ch. 660, § 9.

sought by the defendants only with regard to a portion of the damages claimed. The case is still pending with regard to the balance of the damages sought. That aspect of the case will not be affected by any action this court takes in the instant proceeding.

Our use of mandamus in *Dzack* and its progeny is understandable since its purpose was to avoid the expense of a needless trial in a situation where the defendant could not be found liable for any of the relief sought. That significant policy consideration does not exist in this case. The district court damage suit will not be terminated if we were to issue the requested writ. We are asked to rule on only a part of the case. We choose not to extend the doctrine of *Dzack* to this situation.

Writ denied.

MOWBRAY, C. J., and GUNDERSON, MANOUKIAN, and BATJER, JJ., concur.