An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

CITIZENS FOR COLD SPRINGS; JOAN LISCOM; AND RAYMOND LISCOM,
Appellants,
vs.
CITY OF RENO; LIFESTYLE HOMES TND LLC; WOODLAND VILLAGE HOMES; WOODLAND VILLAGE NORTH LLC; H & N PROPERTIES LLC; JOSEPHINE SWEENEY TRUST; WALLACH IX LLC; DENNIS CHARLEY; JOE E. GARDNER FAMILY TRUST; ZYGMUNT TERELAK; CHRISTINE TERELAK; FRANK KURNIK; CAROLINE KURNIK; MIKE MULLEN; AND IRENE MULLEN,
Respondents.

No. 57415

**FILED**

JUL 0 8 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying declaratory, injunctive, and mandamus relief in an annexation matter. Second Judicial District Court, Washoe County; Steven P. Elliott, Judge.

Respondent the City of Reno (the City) annexed approximately 7,000 acres of land in Cold Springs through approval of Ordinance 5667 by the Reno City Council.[1] Appellants Citizens for Cold Springs (the Citizens), a group of long-time residents who live near the annexed area (the Territory), brought an action in district court for declaratory/injunctive and/or mandamus relief seeking review and reversal of the City's annexation decision, and arguing that the annexation adversely affected their rural lifestyle. The district court

_____

[1]The remaining respondents voluntarily petitioned for annexation pursuant to NRS 268.670.

denied the Citizens' complaint and petition for writ of mandate and concluded that the City did not abuse its discretion in annexing the Territory. The district court also concluded that actions taken since the complaint was filed resolved the issues raised by the Citizens' and rendered their claims for relief moot.

The Citizens now appeal, arguing that: (1) the district court erred when it concluded the Citizens' action was moot; (2) the City abused its discretion because the annexation adversely affected the Citizens; (3) the City violated NRS 268.625, which requires all annexations under NRS 268.670 to fall within the City's sphere of influence and the City of Reno 2003-2009 Annexation Program; (4) the City violated NRS 268.670(2) because the Territory was not contiguous to the City; (5) the City abused its discretion because the annexation was illogical without a municipal purpose; and (6) the City abused its discretion because the annexation created unincorporated islands and lacked necessary municipal services to develop the Territory.

*The City's annexation did not violate any statutory requirements and was within its discretion*[2]

"When a district court's decision to grant declaratory and injunctive relief depends on a pure question of law, our review is de novo." *Educ. Initiative PAC v. Comm. to Protect Nev. Jobs*, 129 Nev. ___, ___, 293 P.3d 874, 878 (2013). "And while a district court's decision to deny extraordinary writ relief is generally reviewed for an abuse of discretion, we resolve issues of statutory construction de novo even in this context."

---

[2]We disagree with the district court's determination that subsequent planning actions have rendered the Citizens' complaint moot. *See Rio All Suite Hotel & Casino v. Phillips*, 126 Nev. ___, ___, 240 P.3d 2, 4 (2010); *Sunrise Manor Town Protective Ass'n v. City of N. Las Vegas*, 91 Nev. 713, 541 P.2d 1102 (1975).

*Las Vegas Taxpayer Accountability Comm. v. City Council of Las Vegas*, 125 Nev. 165, 172, 208 P.3d 429, 433-34 (2009). Additionally, the district court may determine whether a municipal entity has exceeded legislative authority and abused its discretion in extending its boundaries. NRS 268.668; *see also Citizens for Cold Springs v. City of Reno (Cold Springs I)*, 125 Nev. 625, 633-34, 218 P.3d 847, 852-53 (2009); *Clark Cnty. v. City of N. Las Vegas*, 89 Nev. 10, 12, 504 P.2d 1326, 1328 (1973); *State ex rel Bibb v. City of Reno*, 64 Nev. 127, 132, 178 P.2d 366, 368 (1947).

> *The City did not abuse its discretion by annexing the Territory because the annexation did not adversely affect the Citizens*

The Citizens maintain that invalidating the annexation will result in development at a lesser intensity in the Cold Springs Valley. We disagree.

In *Cold Springs I*, we made clear that "in order to establish an abuse of discretion, it is necessary to demonstrate an adverse effect; if the party does not suffer an adverse effect, it could not establish an abuse of discretion in the decision as it applies to the party." 125 Nev. at 634, 218 P.3d at 853. We concluded that the Citizens had standing to challenge the City's annexation, but remanded the matter to district court to make a factual determination as to whether the City had abused its discretion pursuant to NRS 268.668. *Id.* at 633-34, 218 P.3d at 852-53. We instructed that in order to determine whether an abuse of discretion occurred, the district court must consider whether the Citizens actually established the adverse effects they claimed in their complaint. *Id.* at 633, 218 P.3d at 852. We concluded that an adverse effect included both current and "reasonably ascertainable future harm[s]." *Id.* at 632-33, 218 P.3d at 851-52. Only a claim of adverse effect is necessary for standing purposes, but a successful challenge to the annexation requires an actual

showing that the Citizens have or will reasonably suffer an adverse effect. *Id.* at 634, 218 P.3d at 852.

We conclude that the Citizens have not demonstrated an adverse effect necessary to support its claim that the City abused its discretion. *See Cold Springs I*, 125 Nev. at 634, 218 P.3d at 853. The Citizens' arguments for adverse effect are purely speculative and hypothetical. The Citizens have not cited to any specific evidence that due to the annexation, the housing density will change for the Citizens' properties. Crucial to this case is the fact that the Citizens' property is not part of the annexed territory. The City will only have jurisdiction over the neighboring Territory, not the Citizens' land. Therefore, no certainty exists regarding any adverse effects stemming from the annexation, specifically from Ordinance 5667. The Citizens still have the opportunity to challenge future zoning amendments, regardless of the annexation. Because the 2007 Regional Plan includes the Territory in the Truckee Meadows Service Area, there is also no certainty that remaining in Washoe County will guarantee the Citizens a low density development or rural way of life.

> *The City's annexation did not violate NRS 268.625, pertaining to long-form annexation procedures, because the annexation was initiated under NRS 268.670's alternate short-form procedures for voluntary annexations*

The Citizens argue that the Cold Springs annexation violated NRS 268.625 because the land fell outside of the City's sphere of influence and the City of Reno 2003-2009 Annexation Program.[3] We disagree.

---

[3]On May 14, 2003, the City adopted the City of Reno 2003-2009 Annexation Program, which identified areas in the City's sphere of influence that were eligible for involuntary annexation under the long-form procedures set forth in NRS 268.610 through NRS 268.668, inclusive.

We review issues of statutory construction de novo. *Hardy Cos. v. SNMARK, LLC*, 126 Nev. ___, ___, 245 P.3d 1149, 1153 (2010). We will not look beyond the statute's plain language when a statute is clear on its face. *Wheble v. Eighth Judicial Dist. Court*, 128 Nev. ___, ___, 272 P.3d 134, 136 (2012). "[P]olicy arguments are unavailing in the face of an unambiguous, controlling statute." *Randono v. CUNA Mut. Ins. Grp.*, 106 Nev. 371, 375, 793 P.2d 1324, 1327 (1990). This court "must assume that the legislature, when it enacted the statute, was aware of the various policy considerations and purposely drafted the statute to read as it does." *Id.*

We conclude that the Citizens improperly conflate short-form or voluntary annexation (pursuant to NRS 268.670), and long-form or involuntary annexation (pursuant to NRS 268.636). This court will not import involuntary long-form annexation procedures into this case where the real parties in interest clearly initiated voluntary short-form annexation procedures under NRS 268.670.

The language of NRS 268.670(1) is plain and unambiguous because it is susceptible to only one reasonable interpretation. It states, in part:

> 1. As an *alternative to the procedures for initiation of annexation proceedings set forth in NRS 268.610 to 268.668*, inclusive, the governing body of a city may, subject to the provisions of NRS 268.663 and after notifying the board of county commissioners of the county in which the city lies of its intention, annex:
>
> . . . .
>
> (b) . . . *contiguous territory if 100 percent of the owners* of record of individual lots or parcels of land within such area *sign a petition requesting the governing body to annex such area to the city.* If such petition is received and accepted by the governing body, the governing body may proceed

5

to adopt an ordinance annexing such area and to take such other action as is necessary and appropriate to accomplish such annexation.

(Emphases added). NRS 268.670(1) specifically states that it is an "alternative to the procedures for initiation of annexation proceedings set forth in NRS 268.610 to 268.668, inclusive." We have previously recognized the existence of the alternative long-form and short-form annexation procedures. *See Bratcher v. City of Las Vegas*, 113 Nev. 502, 505-06, 937 P.2d 485, 487-88 (1997) ("Where unanimous property owner consent to annexation has not been obtained, the formal or 'long-form' procedure . . . must be followed. However, where all owners of the property to be annexed have signed an annexation petition, the alternate summary or 'short form' procedure . . . may be invoked.").

NRS 268.670 is specific and represents the short-form voluntary annexation procedure that allows the property owners themselves to initiate the annexation, not the local government. Alternatively, NRS 268.610 through NRS 268.668 represent the long-form procedures for involuntary annexations initiated by either a majority of landowners or the city. *See* NRS 268.636; *see generally Phillips v. City of Reno*, 92 Nev. 563, 565, 554 P.2d 740, 741-42 (1976). Therefore, we conclude that general requirements within NRS 268.625 regarding programs of annexation and spheres of influence are inapplicable to voluntary annexations under NRS 268.670's specific procedures. *See Canarelli v. Eighth Judicial Dist. Court*, 127 Nev. ___, ___, 265 P.3d 673, 677 (2011) (providing that we construe "statutes to preserve harmony among them").

We conclude that to interpret NRS 268.670 as simply a first step in initiating annexation, yet still subject to requirements within NRS 268.610 to 268.668, inclusive, would render the statute meaningless. *See*

 

*Leven v. Frey*, 123 Nev. 399, 405, 168 P.3d 712, 716 (2007) (stating that statutory interpretation should not render any part of a statute meaningless nor produce absurd or unreasonable results). NRS 268.636(1) already allows for a majority of property owners to petition for annexation through the involuntary, long-form annexation procedures. NRS 268.670 gives 100% of contiguous property owners the voluntary right to petition the City for annexation and facilitate the planning of their property. Because NRS 268.625 involves procedures pertaining to long-form annexation and the annexation at issue was initiated by short-form annexation under NRS 268.670, we conclude that the city did not violate NRS 268.670 by straying outside of the parameters of NRS 268.625 when annexing the Territory. *See also* 01-21 Op. Att'y Gen. 119 (2001) (interpreting these same statues and opining that pursuant to NRS 268.670, so long as voluntarily annexed lands were contiguous with city property, the city did not need to include such territory in its sphere of influence).

*The City did not violate NRS 268.670(2) because the Territory was contiguous*

The Citizens argue that the Cold Springs annexation was not contiguous as required under NRS 268.670(2). We disagree.

NRS 268.670(1) requires that the territory voluntarily annexed by 100 percent of landowners be contiguous to the city. NRS 268.670(2) defines contiguous as:

> either abutting directly on the boundary of the annexing municipality or *separated from the boundary thereof* by a street, alley, public right-of-way, creek, river or the right-of-way of a railroad or other public service corporation, or *by lands owned by the annexing municipality, by some other political subdivision of the State or by the State of Nevada.*

(Emphases added). For contiguity of an entire annexed territory, courts generally require that one tract be contiguous to the city, and all the tracts be contiguous to each other. *See Botsford v. City of Norman*, 354 F.2d 491, 494 (10th Cir. 1965) ("If all of the tracts are contiguous to each other, and one of them is contiguous to or adjoins the municipality, that is sufficient" (quotation omitted)); *see also City of Waukee v. City Dev. Bd.*, 590 N.W.2d 712, 717 (Iowa 1999) ("Although not all of the parcels adjoin or share a common boundary with the city . . . all of the parcels are contiguous to each other in the sense that there is no parcel that does not share a boundary with a parcel included in the [annexed territory].").

We conclude that the Territory was contiguous because lands owned by Washoe County separated the Territory from the City's boundary. *See* NRS 268.670(2) (requiring no percentage of contiguity). It is undisputed that the City's boundaries in the north abut and lie along a Washoe County parcel, which in turn on its west portion abuts the Territory for approximately 22 feet. Additionally, the remaining tracts of the Territory are contiguous to each other. The record also indicates that the United States owns and has jurisdiction over numerous sections interspersed with the Territory. These federal lands largely affect the character and shape of the Territory. Therefore, we conclude that the City did not abuse its discretion in annexing the Territory because substantial evidence supported the City's finding that the Territory was contiguous to the City under NRS 268.670(2). *See also City of Claremore v. Town of Verdigris*, 50 P.3d 208, 212 (Okla. 2001) (holding that a 50-foot-wide point of contiguity was enough to establish a city's limits were contiguous to a voluntarily annexed property).

*The City did not abuse its discretion because the annexation is logical and done with a municipal purpose*

The Citizens maintain that the Cold Springs annexation is illogical with no municipal need under NRS 268.625(2) and RMC §18.04.301(d)(1). We disagree.

The Citizens rely on NRS 268.625(2)(b), which requires the City to hold a public hearing to consider the "logical extension of city limits," amongst other considerations, before adopting a program of annexation. However, because the City annexed the Territory pursuant to NRS 268.670, as previously discussed, NRS 268.625(2)(b) is inapplicable to this case. Alternately, RMC § 18.04.301 provides for an annexation review process for annexations pursuant to NRS 268.670 and states, in part, that when the City considers an application for annexation, it shall consider "the location of the property to be considered for annexation." RMC § 18.04.301(d)(1). However, the location of the property is but one of many considerations, and the record indicates that the City did not abuse its discretion because substantial evidence supports the reasonableness of the location of the Territory's boundaries. Regarding municipal purpose, the record indicates that the City has limited expansion opportunities geographically and the Territory has a major freeway, railroad access, and is adjacent to water and sewer systems in the developed area.[4]

---

[4]The location of the Territory will not cause the Citizens to lose their right to representative government on the issues of long-range planning and development because the Citizens' land is still within Washoe County's jurisdiction. Therefore, the Washoe County Commission still represents the Citizens and the Truckee Meadows Regional Planning Agency still represents the long-term planning in Washoe County.

*The City did not abuse its discretion because its creation of an unincorporated island was reasonable and it properly considered existing municipal services*

The Citizens argue that the City's annexation improperly created at least one island of unincorporated territory and lacked necessary municipal services needed to develop the annexed land under NRS 268.625(2), NRS 268.6255, NRS 268.646(4), and RMC § 18.04.301(d)(4). We disagree.

Regarding the alleged islands, the Citizens rely on NRS 268.6255(2)(a), which requires that land proposed for annexation within a program of annexation not create an island of 40 acres or less. Again, because the City annexed the Territory pursuant to short form procedures within NRS 268.670, we conclude that NRS 268.6255(2)(a) is inapplicable to this case. However, RMC § 18.04.301(d)(9) states, in part, that when the City considers an application for annexation, it shall consider "[w]hether the annexation creates any islands."

We conclude that the City's decision to create an island was both permitted and reasonable. *See Rooker v. City of Little Rock*, 352 S.W.2d 172, 175-76 (Ark. 1961) (concluding that enclaves in an annexed territory did not destroy contiguity); *Kunkel v. Champaign Cnty. Bd. of Comm'rs*, 895 N.E.2d 905, 912 (Ohio Ct. App. 2008) (noting that an isolated island of land did not support rejection of annexation if the decision to create the island was not unreasonable); *In re Appeal of Jefferson Twp. Bd. Of Trs.*, 605 N.E.2d 435, 439 (Ohio Ct. App. 1992) (recognizing islands would not defeat annexation when decision to create islands was not unreasonable). The City did not abuse its discretion here because Utilities, Inc., a water utility, owns the disputed land that makes up the only unincorporated island and a water utility does not have the

Supreme Court
of
Nevada

(O) 1947A

10

same need for services as populated areas of the Territory do.[5] Therefore, we conclude that creation of an island was not unreasonable and does not defeat annexation.

Regarding municipal services, the Citizens again rely on NRS 268.625(2), NRS 268.6255, NRS 268.646(4), which are inapplicable to this case involving a voluntary annexation pursuant to NRS 268.670's short form procedures. RMC § 18.04.301(d)(4) requires the City to consider "[t]he location of existing and planned water and sewer service." *Cf. City of Reno v. Citizens for Cold Springs (Cold Springs II)*, 126 Nev. ___, ___, 236 P.3d 10, 18 (2010) (concluding that former RMC § 18.06.404(d)(1)(b) required local governments to make specific findings about plans for adequate services and infrastructure prior to the adoption of master plan amendments).

We conclude that the City did not abuse its discretion because it considered the location of existing and planned water and sewer service. *See* RMC § 18.04.301(d)(4). For example, prior to annexation, Utilities, Inc. provided the water and Washoe County provided the sewer in the Cold Springs Valley. The annexation application identified the source of water and sewer as the Truckee Meadows Water Authority and the Truckee Meadows Water Reclamation Facility. The City's 2004 staff report opined that potential areas to extend water and sewer included Truckee Meadows Service Area Study areas. The City also considered the

---

[5]We further conclude that Silver Knolls is not an island because it is not fully enclosed. In its program of annexation, the City has a policy not to annex territory within an unincorporated island over the property owner's protest. The City's Master Plan contains a similar policy that it will not annex territory over the property owner's protest. The Silver Knolls residents did not want to be part of the Territory, and therefore, we conclude that the City acted reasonably in respecting those residents' concerns.

input from various employees of Washoe County regarding imported water options and potential water projects.

Accordingly, we ORDER the judgment of the district court AFFIRMED.[6]

_____ , C.J.
Pickering

_____ , J.
Gibbons

_____ , J.
Hardesty

_____ , J.
Parraguirre

_____ , J.
Douglas

_____ , J.
Cherry

_____ , J.
Saitta

---

[6]We have considered the parties' remaining arguments and conclude they are without merit.

cc: Second Judicial District Court Dept. 10
John L. Marshall
Caroline Kurnik
Christine Terelak
Reno City Attorney
Sourwine & Sloane, Ltd.
Frank Kurnik
Holland & Hart LLP/Reno
Irene Mullen
Joe E. Gardner Family Trust
Gunderson Law Firm
Mike Mullen
Prezant & Mollath
Zygmunt Terelak
Washoe District Court Clerk