WILLIAM PHILLIPS, JOAQUIN BALLARD, BRUNO BENNA, CLAY CARPENTER, GEORGE COX, BLAINE GORMAN, RAYMOND JESCH, TOM KEAN, DON KENNY, MARILYN PARSONS, JACK QUADE, NAT QUILICI, RUSS SCHOOLEY, VERN SEGALE AND GEORGE YOUNG, APPELLANTS, v. THE CITY OF RENO, AND MARGERY E. CAVA-NAUGH, ADMINISTRATRIX WITH THE WILL ANNEXED OF THE ESTATE OF JOHN E. CAVANAUGH, SR., JOHN E. CAVANAUGH, JR., TOM BEKO, HOWARD R. FARRIS, LEON R. NIGHTINGALE, JAMES W. TEIPNER, JR., AND WILLIAM A. TEIPNER, AS JOINT VENTURERS D.B.A. STRIPCO; FAIRMONT COMPANY, INC.; NEVADA RECREATION, INC.; MOLLIE J. GRIMES, AND OFFENHAUSER DEVELOPMENT COMPANY, RESPONDENTS.

No. 8304

September 30, 1976                    554 P.2d 740

*Paul A. Richards,* of Reno, for Appellants.

*Robert L. VanWagoner,* City Attorney, and *Jack Schroeder,* Deputy City Attorney, for Respondent City of Reno.

*Thornton, Stephens, Atkins* and *Kellison,* of Reno, for the other Respondents.

## OPINION

By the Court, THOMPSON, J.:

Fifteen Washoe County real property owners commenced this proceeding in district court to annul completed action of the Reno City Council annexing to the City of Reno approximately 250 acres of vacant land. The annexation was initiated and completed pursuant to NRS 268.670. One hundred percent of the owners of record of the contiguous land sought to

be annexed signed petitions therefor which were accepted by the Reno City Council and an annexing ordinance adopted.

The district court found that all preconditions for voluntary annexation pursuant to NRS 268.670 had been met and, therefore, declined to annul the annexation. This appeal followed.

The main challenge to the ruling below is that the annexed land is not "contiguous" within the contemplation of subsection 2 of the statute.[1] Below, other challenges to the annexation were tendered, such as the sufficiency of the petitions for annexation, the lack of an environmental study, and whether annexation would cause an undue tax burden upon the taxpayers of Washoe County. These claims were denied, summary judgment thereon entered for defendants, and a Rule 54(b) determination made. Since an appeal was not timely taken as to those claims we are not now concerned with them.

We affirm the result reached by the district court, but for a different reason. In our view the plaintiffs do not have standing to protest the annexation. All of them own property and reside in the unincorporated area of Washoe County. None owns property within the annexed area nor bordering it. Six of the plaintiffs, however, also own property within the City of Reno.

This voluntary annexation was completed pursuant to NRS 268.670. That special statute does not appear to allow for protest. With regard to annexations other than voluntary, "any person or city claiming to be adversely affected" may apply to the district court and protest. NRS 268.668. However, the voluntary annexation statute explicitly states "[n]otwithstanding the provisions of NRS 268.610 to 268.668, inclusive," the governing body of the city may annex. Such language would appear to preclude challenge to a voluntary annexation even though the protestant claims to be adversely affected thereby.

---

[1] NRS 268.670: "1. Notwithstanding the provisions of NRS 268.-610 to 268.668, inclusive, the governing body of a city may annex:

"(a) Contiguous territory owned in fee by the city.

"(b) Other contiguous territory if 100 percent of the owners of record of individual lots or parcels of land within such area sign a petition requesting the governing body to annex such area to the city. If such petition is received and accepted by the governing body, the governing body may proceed to adopt an ordinance annexing such area and to take such other action as is necessary and appropriate to accomplish such annexation.

"2. For the purposes of this section, "contiguous" means either abutting directly on the boundary of the annexing municipality or separated from the boundary thereof by a street, alley, public right-of-way, creek, river or the right-of-way of a railroad or other public service corporation, or by lands owned by the annexing municipality, by some other political subdivision of the state or by the State of Nevada."

In this case, however, we need not decide whether this was the legislative intent since the plaintiffs have not established an adverse effect upon their interests in any event. As already noted, their assertions of environmental pollution and increased tax burden by reason of the annexation were rejected by the district court, summary judgment entered for defendants, a Rule 54(b) determination made and no appeal taken. Consequently, that judgment is final and not subject to review. Nothing remains in the record before us to establish that the interests of the six plaintiffs owning property within the City of Reno are affected in any legally cognizable way by the annexation here in issue. Accordingly, we are compelled to conclude from the posture of this case that the plaintiffs lack standing to protest the annexation.

Affirmed.

GUNDERSON, C. J., and BATJER, ZENOFF, and MOWBRAY, JJ., concur.