CITIZENS FOR COLD SPRINGS, JOAN LISCOM AND RAYMOND LISCOM, Appellants, v. CITY OF RENO; LIFESTYLE HOMES TND LLC; WOODLAND VILLAGE HOMES; WOODLAND VILLAGE NORTH LLC; H & N PROPERTIES LLC; JOSEPHINE SWEENEY TRUST; WALLACH IX LLC; DENNIS CHARLEY; JOE E. GARDNER FAMILY TRUST; CHRISTINE TERELAK; ZYGMUNT TERELAK; CAROLINE KURNIK; FRANK KURNIK; MIKE MULLEN; AND IRENE MULLEN, RESPONDENTS.

No. 45906

October 15, 2009                                    218 P.3d 847

*John L. Marshall*, Reno, for Appellants.

*John J. Kadlic*, City Attorney, and *Marilyn D. Craig*, Deputy City Attorney, Reno, for Respondent City of Reno.

*Gunderson Law Firm* and *Mark H. Gunderson* and *Elaine S. Guenaga*, Reno, for Respondents Lifestyle Homes TND, Woodland Village Homes, Woodland Village North, H & N Properties, Josephine Sweeney Trust, Wallach IX, Dennis Charley, Joe E. Gardner Family Trust, Christine Terelak, Zygmunt Terelak, Caroline Kurnik, Frank Kurnik, Mike Mullen, and Irene Mullen.

## OPINION

By the Court, SAITTA, J.:

In this appeal, we examine whether citizens have standing to challenge a land annexation if they do not own the property subject to annexation. Consistent with our prior holdings granting citizens the right to challenge land-use decisions and the language of NRS 268.668, we conclude that citizens may challenge an annexation even if the annexation does not include their property. In this, we expand our ruling in *Hantges v. City of Henderson*, 121 Nev. 319, 113 P.3d 848 (2005), to grant citizens standing to challenge land annexations.

Our extension of *Hantges* is rooted in the plain language of NRS 268.668, which confers the right to seek judicial review to "any person" claiming to be adversely affected by an annexation.[2] We further use this opportunity to clarify the meaning of adverse effect in the context of NRS 268.668.

## FACTUAL AND PROCEDURAL BACKGROUND

Respondents, owners of the subject land (collectively, Lifestyle), initiated a voluntary annexation by requesting that the other respondent in this appeal, the City of Reno (the City), annex approximately 7,000 acres of land in the Cold Springs Valley and adjacent areas. On March 9, 2005, the City held a hearing regarding the annexation. Some property owners and residents of Cold Springs (collectively, Cold Springs), an area that borders the subject land, were at the hearing to oppose the annexation. The city council voted to approve the annexation petition on a 4-3 vote, thereby formally adopting Ordinance 5667 and annexing approximately 7,000 acres of undeveloped land lying primarily in Cold Springs Valley.

On April 1, 2005, Cold Springs filed a complaint for declaratory and injunctive relief along with a petition for writ of mandamus, seeking review of, and reversal of, the annexation. Cold Springs challenged the annexation, claiming it would have an adverse effect on its rural community. The City and Lifestyle moved to dismiss Cold Springs' case for failure to state a claim. The district court granted the City's and Lifestyle's motions, finding that all of Cold Springs' claims were speculative. The district court determined that Cold Springs lacked standing to sue because it had not shown that it had personally, substantially, and adversely been affected by the annexation. It further noted that "[e]very allegation made in the Complaint is based on some possible future damage that might occur on some future date and not a substantial and adverse damage that currently and particularly affects [Cold Springs] differently than the general public." This appeal followed.

---

[2]We note that our decision in *Phillips v. City of Reno*, 92 Nev. 563, 554 P.2d 740 (1976), may appear to be at odds with our holding here. However, the language of Nevada's voluntary annexation statute, NRS 268.670, which we quoted in *Phillips*, has since been amended. Indeed, NRS 268.670 was amended to strike the language in the statute "[n]otwithstanding the provisions of NRS 268.610 to 268.668," 1977 Nev. Stat., ch. 373, § 5, at 676, precisely the language this court relied on to conclude that the citizens in that case did not have standing to challenge an annexation decision. *Id.* at 565, 554 P.2d at 742. We further note that the facts of *Phillips* are distinguishable from the facts of the present case. In *Phillips*, we noted that none of the appellants owned property within the annexed area or bordering it, *id.* at 565, 554 P.2d at 741, whereas here, all the appellants either own land or reside in an area bordering the subject land.

## DISCUSSION

The standard of review for dismissal for failure to state a claim is rigorous, as this court construes the pleading liberally, drawing every inference in favor of the nonmoving party. *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008); *Simpson v. Mars Inc.*, 113 Nev. 188, 190, 929 P.2d 966, 967 (1997). "All factual allegations of the complaint must be accepted as true." *Simpson*, 113 Nev. at 190, 929 P.2d at 967. We review questions of law and statutory construction de novo. *Buzz Stew*, 124 Nev. at 228, 181 P.3d at 672; *Leven v. Frey*, 123 Nev. 399, 402, 168 P.3d 712, 714 (2007).

Cold Springs argues that it has standing to challenge the annexation pursuant to NRS 268.668 and *Hantges*. We agree.

Our holding in this matter is concerned exclusively with citizen standing as to annexation decisions. The district court granted the City's motion to dismiss based on its determination that Cold Springs lacked standing. In reaching its decision, the district court found that Cold Springs' complaint contained merely speculative allegations. Because it found that Cold Springs had no standing, the district court did not reach any other issues raised by Cold Springs in its complaint or issues raised by the City in its motion to dismiss. Accordingly, we similarly limit our holding to the issue of whether Cold Springs had standing to challenge the annexation at issue.

The determination of whether a party has standing in this context is a twofold inquiry. The threshold question is: Whom does NRS 268.668 confer standing upon to challenge a voluntary annexation? And, second, what does it mean to be adversely affected pursuant to NRS 268.668? We address each question in turn.

### Standing pursuant to NRS 268.668

By its plain language, NRS 268.668 confers standing upon "*any* person . . . *claiming* to be adversely affected" by an annexation.[3] (Emphases added.) To determine who is implicated by

---

[3]Respondents argue that NRS 268.668 does not apply to the present case because the annexation at issue was a voluntary annexation under NRS 268.670. This argument lacks merit. NRS 268.668 contains the following language: "If the court finds that any of the steps required by NRS 268.610 to 268.670, inclusive, have not been duly taken . . . the court shall make such temporary or final order in the premises as the ends of justice may require." By its own terms,

NRS 268.668's "any person" language, we turn to this court's jurisprudence regarding the fundamental standing principles for judicial review and the evolution of those principles as they pertain to land-use decisions and annexations.

"This court has a 'long history of requiring an actual justiciable controversy as a predicate to judicial relief.' " *Stockmeier v. State, Dep't of Corrections*, 122 Nev. 385, 393, 135 P.3d 220, 225 (2006) (quoting *Doe v. Bryan*, 102 Nev. 523, 525, 728 P.2d 443, 444 (1986)), *abrogated on other grounds by Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228 n.6, 181 P.3d 670, 672 n.6 (2008). In instances where we have found that the Legislature has provided citizens with certain statutory rights, we "have examined the language of the statute itself to determine whether the plaintiff had standing to sue." *Id.* at 393, 135 P.3d at 226. We have determined that "[t]o do otherwise would be to bar the people of Nevada from seeking recourse in state courts whenever the Legislature has provided statutory rights that are broader than constitutional standing would allow." *Id.* at 393-94, 135 P.3d at 226.

We had occasion to apply the principle of statutory standing in *Hantges v. City of Henderson*, 121 Nev. 319, 322-23, 113 P.3d 848, 850 (2005). In *Hantges*, this court determined whether citizens who were not property owners of the subject land had standing to challenge an agency's findings on a redevelopment plan. *Id.* at 322, 113 P.3d at 850. The statute at issue, NRS 279.609, provided for actions questioning the validity of an agency's findings or determinations regarding redevelopment plans. *Id.* We concluded that while the statute did not expressly state who could contest redevelopment plans, it served a protective purpose and, therefore, conferred standing to citizens to challenge agency decisions with regard to redevelopment plans. *Id.* at 322-23, 113 P.3d at 850. In so doing, we noted that the decision was "consistent with our prior rulings that citizens have standing to challenge land-use decisions." *Id.* at 323, 113 P.3d at 850 (citing *City of Reno v. Goldwater*, 92 Nev. 698, 700, 558 P.2d 532, 533 (1976) (observing that the standing of taxpayers and residents living in close proximity to subject land was "beyond question")).

Although decided in the context of redevelopment plans, our decision in *Hantges* is instructive with regard to whether NRS 268.668 confers standing upon citizens to challenge annexation decisions. In the tradition of our long-standing jurisprudence, we first look at the

NRS 268.668 expressly includes NRS 268.670, which is the statute governing voluntary annexations. Accordingly, we determine that NRS 268.668 is the appropriate mechanism to challenge a voluntary annexation.

language of the statute itself to determine if it confers statutory rights that are broader than constitutional standing would allow.

NRS 268.668 confers rights that are broader than those conferred by constitutional standing because it states that "any person or city claiming to be adversely affected" by an annexation decision can challenge it. We determine that Cold Springs, a group of landowners and residents who live in close proximity to the subject land, falls within NRS 268.668's "any person" language. In making this determination, we extend our holding in *Hantges*, which granted citizens who were not property owners standing to challenge redevelopment plans. Here, we hold that citizens who are not property owners of the subject land may challenge land-annexation decisions pursuant to NRS 268.668.

However, whereas in *Hantges* the standing issue was resolved once we decided who could challenge the validity of an agency's findings as to a redevelopment plan, here there is a second step that must be resolved because of NRS 268.668's language. We determine that the statute's "claiming to be adversely affected" language adds a required showing in order for a party to have standing to challenge a land annexation.

*What is meant by NRS 268.668's adverse-effect language*

In determining what constitutes a claim of adverse effect, we first look at the plain language of NRS 268.668. The statute offers no definition or guidance. Accordingly, we conclude that NRS 268.668 is ambiguous as to what constitutes adverse effect. Therefore, we turn to principles of statutory construction to determine its meaning.

To clarify a statute's ambiguity, we look at the "context" and "spirit" in which it was enacted to effect a construction that best represents the legislative intent in enacting the statute. *Boucher v. Shaw*, 124 Nev. 1164, 1167, 196 P.3d 959, 961 (2008). Our goal is to read "statutes within a statutory scheme harmoniously with one another to avoid an unreasonable or absurd result." *Allstate Insurance Co. v. Fackett*, 125 Nev. 132, 138, 206 P.3d 572, 576 (2009).

The primary purpose of NRS 268.668 is to allow citizens a means of challenging a land annexation. As such, it is " 'a statute promulgated for . . . public benefit [and] . . . should be liberally construed and broadly interpreted.' " *Dewey v. Redevelopment Agency of Reno*, 119 Nev. 87, 94, 64 P.3d 1070, 1075 (2003) (quoting 85-19 Op.

Att'y Gen. 90, 93 (1985)). In construing NRS 268.668, we determine that the statute requires that the claim of adverse effect be adequately pleaded for a citizen to have standing to challenge a land annexation. Further, we conclude that the language of NRS 268.668 contemplates both current and reasonably ascertainable future adverse effects.

Our holding that an adverse effect can be a reasonably ascertainable future harm is reflective of the statute's primary purpose of providing citizens with a way to challenge an annexation. To hold otherwise would result in an unreasonable result by requiring citizens to wait for an annexation to be completed before bringing an action—and that is expressly counter to NRS 268.668's opening language: "At *any stage* of an annexation or detachment proceeding, or within 90 days from the date of its completion . . . ." (Emphasis added.) The statute does not limit the time frame of claiming an adverse effect, and as such, we hold that the adverse effect should not be strictly limited to current harm. We note similar holdings in other jurisdictions. *See Construction Ind. Ass'n, Sonoma Co. v. City of Petaluma*, 522 F.2d 897, 903 (9th Cir. 1975) (holding that two landowners challenging a housing and zoning plan have standing to sue on their own behalf because they had "already suffered or are threatened with a direct injury"); *Cowan v. Board of Com'rs of Fremont County*, 148 P.3d 1247, 1255 (Idaho 2006) (holding that adjoining landowner had standing to challenge a proposed subdivision because when one alleges that his property *might* be adversely affected by a land-use decision, the nature of the harm, be it real or *potential*, is sufficient for standing purposes); *Benton County v. Friends of Benton County*, 653 P.2d 1249, 1257 (Or. 1982) (affirming a land-use agency's decision granting standing to a landowner and explaining that the inquiry as to adverse effect and the likelihood of injury is a factual determination, while noting that in that specific instance, the likelihood of damage was remote but was not too remote for consideration); *Jenkins v. Swan*, 675 P.2d 1145, 1150 (Utah 1983) (holding that an allegation of adverse effect requires some "causal relationship alleged between the injury to the plaintiff, the governmental actions and the relief requested"). After reviewing the complaint in the present case, it is clear that Cold Springs sufficiently claimed an adverse effect to meet the standing requirement under NRS 268.668. Therefore, we conclude that Cold Springs has standing to challenge the land annexation at issue in this case, even if it did not own property subject to the annexation, because NRS 268.668 confers standing upon "any citizen" to make such a challenge and because Cold Springs adequately claimed an adverse effect in its complaint.

In reaching our decision, we extend our holding in *Hantges* and hold that citizens may challenge land-annexation decisions, so long as the claim of adverse effect is adequately pleaded. We determine that Nevada's long-standing history of recognizing statutory rights that are broader than those afforded to citizens by constitutional standing supports this decision. Our holding today adds upon this court's jurisprudence of granting standing to citizens to challenge land-use, redevelopment, and now, annexation decisions. We further hold that NRS 268.668 contemplates current and reasonably ascertainable future adverse effects, the nature of which is a factual determination for the district court.

We reiterate that our holding today only addresses the issue of standing under NRS 268.668. While we hold that Cold Springs has standing to bring its challenge to the annexation, we do not determine whether Cold Springs' challenge has merit or will be successful. We remand this matter to the district court for it to make this determination. In addressing the merits of the challenge, the district court must determine whether there has been an abuse of discretion by the governing body involved in the land annexation. The last sentence of NRS 268.668 gives the district court clear direction:

> If the court finds that any of the steps required by NRS 268.610 to 268.670, inclusive, have not been duly taken or that any officer or body has abused its discretion in taking any action, the court shall make such temporary or final order in the premises as the ends of justice may require.

In determining whether there was an abuse of discretion in the annexation decision, the district court shall take into account whether Cold Springs actually establishes the adverse effect it claims in its complaint. Although only a claim of adverse effect is necessary for standing purposes, a successful challenge will require an actual showing of adverse effect, as defined above. Thus, Cold Springs must establish that they have, or reasonably will, suffer an adverse effect based on the annexation decision. This is a factual determination that the district court must make as part of its evaluation of the merits of Cold Springs' challenge under NRS 268.668. We conclude that such a requirement is intended as part of the statutorily mandated showing of an abuse of discretion. Such an interpretation of the statute is necessary in order to avoid an absurd result, *Allstate Insurance Co. v. Fackett*, 125 Nev. 132, 138, 206 P.3d 572, 576 (2009), because it would be unreasonable to require a claim of adverse effect for standing purposes without requiring the party to ac-

tually establish what it claims. Thus, in order to establish an abuse of discretion, it is necessary to demonstrate an adverse effect; if the party does not suffer an adverse effect, it could not establish an abuse of discretion in the decision as it applies to the party.

## CONCLUSION

We conclude that the district court erred when it granted the City's and Lifestyle's motions to dismiss. We hold that Cold Springs has standing to challenge the land-annexation decision and thereby extend our holding in *Hantges* to such matters. We do not reach the issue of whether Cold Springs can sufficiently make a proper showing of adverse effect or an abuse of discretion in the annexation decision to establish a successful challenge under NRS 268.668. We leave that for the district court's determination on remand. Accordingly, we reverse the district court order granting the motions to dismiss and remand this matter to the district court for proceedings consistent with this opinion.

HARDESTY, C.J., PARRAGUIRRE, DOUGLAS, CHERRY, and GIBBONS, JJ., concur.