An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| IN THE MATTER OF THE GUARDIANSHIP OF THE PERSON AND THE ESTATE OF: A.M. | No. 59116 |

CHRISTINA O. A/K/A CHRISTINA M.,
Appellant,
vs.
STATE OF NEVADA DEPARTMENT
OF FAMILY SERVICES; AND A.M., A
MINOR,
Respondents.



FILED

MAY 24 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order affirming a hearing master's report and recommendation to terminate the guardianship of a minor. Eighth Judicial District Court, Family Court Division, Clark County; Charles J. Hoskin, Judge.

When the subject minor, A.M., was six years old, his grandmother, Christina, petitioned for and was granted guardianship over him with the consent of his mother. After it was discovered that Christina had taken A.M. to the jail on a weekly basis to see Christina's husband, who was incarcerated for sexually abusing A.M., the Clark County District Attorney's Office filed a petition against Christina alleging abuse and neglect. As a result, A.M. was placed into protective custody. After a finding of abuse and neglect was established,[1] the District Attorney's

---

[1]Pursuant to the abuse and neglect determination, the Clark County Department of Family Services (DFS) was not required to make reasonable efforts for reunification. NRS 432B.393(3)(a)(2).

13-15376

Office petitioned to intervene as a party for the purposes of terminating the guardianship. After holding hearings on the matter, a hearing master issued a report recommending that the District Attorney's Office be allowed to intervene and that the guardianship be terminated. Upon receipt of the hearing master's report, the district court afforded the parties the opportunity to present new information at a hearing. Reviewing the evidence presented, the district court affirmed the recommendation of the hearing master and issued an order granting the intervention and terminating the guardianship.[2] This appeal followed.

On appeal, Christina contends that the District Attorney's Office lacked standing to both bring the petition and to intervene. Christina further argues that the district court improperly considered findings, established by a preponderance of evidence in a previous NRS 432B.530 removal hearing, in the guardianship termination proceeding. She points out that clear-and-convincing evidence must support terminations of guardianship. NRS 159.1905. We disagree with Christina and therefore affirm the district court's order.

The petition to intervene

In support of her contention that the district court erred in granting the District Attorney's petition to intervene, Christina first argues that the District Attorney's Office lacked standing to bring the

---

[2]The parties are familiar with the facts and we do not recount them further except as is necessary for our disposition.

petition. Standing is a question of law that this court reviews de novo. *Arguello v. Sunset Stations, Inc.*, 127 Nev. \_\_\_, \_\_\_, 252 P.3d 206, 208 (2011). In determining an issue of standing, this court examines statutory language to determine if the statute confers greater rights of standing than allowed by the Constitution. *Citizens for Cold Springs v. City of Reno*, 125 Nev. 625, 630-31, 218 P.3d 847, 851 (2009). NRS 159.1853(1)(e) provides that "[a]ny other interested person" may petition a court to have a guardian removed.

The District Attorney's duties and powers are defined in NRS 252.110 and include any "duties as may be required of him or her by law." NRS 252.110(6). Pursuant to NRS 432B.510(2), the District Attorney is tasked with signing or countersigning petitions concerning child protection and representing the "interests of the public in all proceedings." Moreover, DFS can enlist the aid of the District Attorney to protect the interests of the child. NRS 432B.210; NRS 432B.350; NRS 432B.380. Thus, when enlisted by DFS, the District Attorney has a parallel and congruent interest in both protecting minor children and representing the public in guardianship termination proceedings.[3] Therefore, we conclude that the District Attorney is an "interested person" within the meaning of NRS 159.1853(1)(e) and, as such, possesses the requisite standing to petition a court to have a guardian removed.

---

[3]Christina cites NRS 432B.510 to assert that the District Attorney's Office cannot represent DFS because it must represent the interests of the public. However, we conclude that this dual representation is not necessarily mutually exclusive.

Christina next argues that intervention by the District Attorney's Office was unwarranted under NRCP 24. NRCP 24 provides for intervention by right where "a statute confers an unconditional right to intervene or . . . when the applicant claims an interest relating to the . . . transaction which is the subject of the action and the applicant is so situated that the disposition of the action may . . . impair or impede the applicant's ability to protect that interest . . . ." NRCP 24(a)(2).

This court has interpreted NRCP 24(a)(2) and held that an applicant must meet four requirements: "(1) that it has sufficient interest in the litigation's subject matter, (2) that it could suffer an impairment of its ability to protect that interest if it does not intervene, (3) that its interest is not adequately represented by existing parties, and (4) that its application is timely." *American Home Ins, Co. v. Dist. Court.*, 122 Nev. 1229, 1238, 147 P.3d 1120, 1126 (2006); *see also* NRS 12.130(1). "Determining whether an applicant has met these four requirements is within the district court's discretion." *American Home Ins.*, 122 Nev. at 1238, 147 P.3d at 1126.

We conclude that the District Attorney's Office has a sufficient interest in A.M.'s guardianship, as its interest "is protected under the law and bears a relationship to the plaintiff's claims." *Id.* at 1239, 147 P.3d at 1127. DFS's interest in A.M.'s general health and well-being becomes the District Attorney's interest when DFS requests assistance. NRS 432B.210; NRS 432B.469. Moreover, the District Attorney is tasked with countersigning petitions concerning child protection and "represent[ing]

the interests of the public in all proceedings." NRS 432B.510. This provides the District Attorney with an additional and independent interest when the guardianship termination proceeding arises from protection and neglect proceedings.

We also conclude that the inability of the District Attorney's Office to intervene in guardianship proceedings would significantly impair its ability to carry out legislatively mandated duties. *See American Home Ins.*, 122 Nev. at 1240-41, 1241 n.40, 147 P.3d at 1128, 1128 n.40 (recognizing that the intervenor has met the impairment requirement where a pending case would control the issues in which an intervenor holds an interest).

Furthermore, the District Attorney's interest in protecting A.M. is not adequately represented by existing parties. Christina argues that A.M.'s interests should have been represented by his biological mother or his aunt with whom he had been placed. However, their testimony could not and did not encompass all of the District Attorney Office's arguments or interests. *See Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983) (holding that several factors dictate whether an intervenor's interest is represented by existing parties, including whether the party will make the same arguments the intervenor would make, the party is capable and willing to make those arguments, and the party's argument would neglect an important issue that the intervenor would not have neglected). Accordingly, we determine that the District Attorney's Office met the minimal burden to prove that current representation was inadequate. *American Home Ins.*, 122 Nev. at 1241, 147 P.3d at 1128.

Finally, we conclude that the intervention was timely. The timeliness determination requires an examination of "the extent of prejudice to the rights of existing parties resulting from the delay and then weighing that prejudice against any prejudice resulting to the applicant if intervention is denied." *Id.* at 1244, 147 P.3d at 1130 (footnote and internal quotations omitted). The District Attorney moved to intervene concurrently with its petition to terminate the guardianship, providing Christina with advance notice of the intention to intervene. Therefore, Christina has failed to demonstrate any prejudice resulting from the timing of the intervention when she had ample opportunity to prepare for the termination hearing and was afforded the opportunity to provide additional testimony and evidence supporting her position.[4]

Since the District Attorney's Office properly demonstrated compliance with the intervention requirements, we conclude that the district court did not abuse its discretion in granting the petition to intervene.

NRS 159.1905's evidentiary standard

Christina contends that the district court improperly relied on evidence presented at the original removal hearing to determine that the guardianship should be terminated. The evidentiary standard at a removal hearing is governed by NRS 432B.530(5), which requires a

---

[4]Christina also argues that, as she had already been granted guardianship of A.M., the District Attorney's petition for termination was untimely since it was subsequent to an entry of final judgment. However, in a guardianship, the court retains "jurisdiction to enforce, modify or terminate [the] guardianship . . . until the child reaches 18 years of age." NRS 432B.468(1). Thus, the establishment of a guardianship does not prevent the District Attorney from filing a subsequent petition for termination.

preponderance of evidence be shown supporting the removal. By contrast, hearings considering petitions for termination of guardianship are governed by NRS 159.1905(3), which mandates a showing by clear and convincing evidence that the termination is in the best interest of the child. *See* NRS 159.185(1)(g); *Hudson v. Jones*, 122 Nev. 708, 710, 138 P.3d 429, 430 (2006) ("In determining the custody of a minor child, 'the sole consideration of the court is the best interest of the child.'" (quoting NRS 125.480(1))).

Here, in accordance with the requirements of NRS 159.1905, hearings were held by a hearing master to consider the petition for termination of guardianship. Subsequent to the hearing master's recommendation, the district court held a hearing for the purpose of considering the recommendation. Christina argues that by adopting the recommendation and not deeming it clearly erroneous, the district court applied the wrong evidentiary standard. After the district court hearing, in which the court specifically requested further information from the parties and the clear-and-convincing evidence standard was discussed, the district court affirmed the master's recommendation to terminate the guardianship based on overwhelming evidence that terminating the guardianship was in A.M.'s best interests.[5]

---

[5]At the hearing before the district court, appellant's counsel specifically brought to the forefront the clear-and-convincing evidence standard. Based on the discussion of the clear-and-convincing evidence standard at the hearing and the reference by incorporation of NRS Chapter 159 in the hearing master's report and recommendation, we conclude that it may be inferred that the district court's findings were made under the clear-and-convincing evidence standard.

The district court "is not required to rely on the master's findings, but if the court chooses to rely on the master's findings, it may do so only if the findings are supported by the evidence and not clearly erroneous." *In re A.B.*, 128 Nev. ___, ___, 291 P.3d 122, 128 (2012). We review a district court's decision regarding child custody for an abuse of discretion. *Rivero v. Rivero*, 125 Nev. 410, 428, 216 P.3d 213, 226 (2009).

The district court's order acknowledged that the decision was based on arguments of counsel and the pleadings. The district court not only had before it the NRS Chapter 432B hearing determination and the biological mother's request that the guardianship be terminated, but it also had been provided information that: (1) Christina's husband sexually abused A.M., and she then brought A.M. to visit his abuser on a weekly basis, (2) Christina had a history of choosing sexually abusive partners, and (3) adoption or guardianship by the alternative placement family was a permanency goal for A.M. Further, Christina was afforded a distinct opportunity to challenge the evidence submitted and introduce additional evidence but declined to provide any supplementary information.[6] This evidence was sufficient for the district court to terminate the guardianship

---

[6]Christina contends that *Matter of Guardianship & Estate of D.R.G.*, 119 Nev. 32, 37, 62 P.3d 1127, 1130 (2003), requires that a suitability determination be made only on the facts as existing at the time of the hearing. However, in that case, this court considered the conduct of the father going back several years prior to the time of the hearing. *Id.* at 39, 62 P.3d at 1131-32. Similarly, in this case, consideration of past conduct is logically necessary for a determination of current fitness.

under the clear-and-convincing evidence standard. Therefore, we conclude that the district court did not abuse its discretion. *See Rivero*, 125 Nev. at 428, 216 P.3d at 226.[7]

Accordingly, we[8]

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

---

[7]Christina also argues that the district court erred by failing to hold an evidentiary hearing. We disagree. The Legislature did not specify in NRS 159.1905 that an evidentiary hearing is required, which supports the proposition that the district court has discretion to determine when a hearing is necessary. *See McKay v. Bd. of Cty. Comm'r*, 103 Nev. 490, 492, 746 P.2d 124, 125 (1987) (when a statute is silent "it is not the business of this court to fill in alleged legislative omissions based on conjecture as to what the legislature would or should have done"); *Wheble v. Dist. Court*, 128 Nev. ___, ___, 272 P.3d 134, 136 (2012) (this court will not look beyond a statute's plain language and will deduce legislative intent from the words used). Further, even if the statue did contemplate an evidentiary hearing, Christina did not request one nor did she present any additional information showing that an evidentiary hearing was warranted. Thus, we conclude that the district court was not required to hold a separate evidentiary hearing and therefore did not abuse its discretion in this regard.

[8]All other arguments on appeal lack merit and will not be discussed further.

 

cc: Hon. Charles J. Hoskin, District Judge, Family Court Division
Special Public Defender
Legal Aid Center of Southern Nevada
Clark County District Attorney/Juvenile Division
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A