# IN THE SUPREME COURT OF THE STATE OF NEVADA

SEAN W. SILVA,
Appellant,
vs.
STACY M. MATHIS,
Respondent.

No. 72745

FILED

DEC 21 2018


ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court order dismissing a complaint to establish parentage, custody, and visitation. Fifth Judicial District Court, Nye County; Kimberly A. Wanker, Judge.

Appellant Sean Silva was in a relationship with Stacy Mathis for approximately six years and he asserts that, during the majority of that time, he lived with and cared for her son, D.M. Silva concedes that he is not D.M.'s biological father. After his relationship with Mathis ended, Silva filed a pro se complaint in Nye County seeking the establishment of his paternity of D.M., joint legal custody, and primary physical custody. Mathis responded to Silva's complaint by moving for a change of venue to Lyon County. At the initial appearance before the district court, counsel for Mathis questioned whether Silva had standing to pursue the relief sought. The district court stated Silva lacked standing because he is not D.M.'s biological father and dismissed his complaint. Silva appeals.

Silva, among other things, argues that even in the absence of adoption or biological relationship, he has standing to seek custody of D.M. under NRS 125C.004. We agree.

This court reviews dismissal of a complaint for lack of standing under the same rigorous, de novo standard as dismissal for failure to state

18-909895

a claim. *See Citizens for Cold Springs v. City of Reno*, 125 Nev. 625, 629, 218 P.3d 847, 850 (2009); *see also Shoen v. SAC Holding Corp.*, 122 Nev. 621, 634, 137 P.3d 1171, 1180 (2006) (observing that when a plaintiff lacks standing, it is appropriate to dismiss the complaint for failure to state a claim upon which relief may be granted). In reviewing the dismissal, we recognize all factual allegations in the complaint as true. *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008). "Nevada is a notice-pleading jurisdiction and liberally construes pleadings to place into issue matter which is fairly noticed to the adverse party." *Chavez v. Robberson Steel Co.*, 94 Nev. 597, 599, 584 P.2d 159, 160 (1978). The party seeking relief must set forth the facts supporting a legal theory, but is not required to correctly identify the legal theory in order to satisfy the requirements of notice pleading. *Liston v. Las Vegas Metro. Police Dep't*, 111 Nev. 1575, 1578, 908 P.2d 720, 723 (1995).

NRS 125C.004(1) provides that a court may award custody of a child to a nonparent where custody with a parent would be detrimental to the child. While Silva framed the issue as a matter of paternity, he explicitly requested custody of D.M. based on the allegation that custody with Mathis would be detrimental, adequately providing Mathis with notice of allegations supporting the award of custody. Accepting the allegations in Silva's complaint as true, Silva established standing under NRS 125C.004, and therefore, the district court erred in dismissing Silva's complaint based solely on the fact that Silva is not D.M.'s biological father.[1] *Cold Springs*,

---

[1]Because we conclude that the district court erred by dismissing Silva's complaint for lack of standing, we decline to consider Silva's remaining arguments at this time.

125 Nev. at 629, 218 P.3d at 850 (reviewing de novo the district court's legal conclusions and issues concerning statutory construction). Therefore, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[2]

_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Stiglich

cc: Hon. Kimberly A. Wanker, District Judge
Greenberg Traurig, LLP/Las Vegas
Law Office of Kenneth V. Ward/Dayton
Legal Aid Center of Southern Nevada, Barbara E. Buckley,
    Executive Director
Anne R. Traum, Coordinator, Appellate Litigation Section,
    Pro Bono Committee, State Bar of Nevada
Kelly H. Dove
Nye County Clerk

_____

[2]In dismissing Silva's complaint, the district court declined to address Mathis's motion for change of venue. Because Silva's complaint was erroneously dismissed, Mathis's motion must be resolved on remand.