# IN THE SUPREME COURT OF THE STATE OF NEVADA

MARGARET COTTER; ELLEN COTTER; GUY ADAMS; EDWARD KANE; DOUGLAS MCEACHERN; JUDY CODDING; MICHAEL WROTNIAK; AND READING INTERNATIONAL, INC.,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE ELIZABETH GOFF GONZALEZ, DISTRICT JUDGE,
Respondents,
and
JAMES J. COTTER, JR., INDIVIDUALLY AND DERIVATIVELY ON BEHALF OF READING INTERNATIONAL, INC.,
Real Party In Interest.

No. 72261

FILED

APR 14 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DENYING PETITION FOR WRIT OF PROHIBITION OR MANDAMUS

This original petition for a writ of prohibition or mandamus challenges a district court order denying a motion for partial summary judgment in a derivative shareholder action.

Having considered the petition and supporting documents, we are not persuaded that our extraordinary and discretionary intervention is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004); *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 679, 818 P.2d 849, 851, 853 (1991). In particular, even if we were to grant petitioners' requested relief, doing so would not appear to dispose of all the

17-12342

claims between petitioners and real party in interest James J. Cotter, Jr.[1] *See Moore v. Eighth Judicial Dist. Court*, 96 Nev. 415, 417, 610 P.2d 188, 189 (1980) (determining that mandamus is not an appropriate remedy when resolution of the writ petition would not dispose of the entire controversy). Additionally, we are not persuaded that petitioners lack an adequate remedy in the form of an appeal. *Pan*, 120 Nev. at 224, 228, 88 P.3d at 841, 844. Accordingly, we

ORDER the petition DENIED.

_____, J.
Hardesty

_____, J.      _____, J.
Parraguirre                      Stiglich

cc:    Hon. Elizabeth Goff Gonzalez, District Judge
       Quinn Emanuel Urquhart & Sullivan, LLP
       Cohen Johnson Parker Edwards
       Greenberg Traurig, LLP/Las Vegas
       Yurko, Salvesen & Remz, P.C.
       Eighth District Court Clerk

---

[1]Petitioners suggest that "Plaintiff's lack of standing with respect to his derivative action is case-dispositive." However, it does not appear that the district court has clearly addressed petitioners' NRCP 23.1 argument raised in this writ petition, and this petition challenges only one component of Mr. Cotter's claims. Consequently, based on the existing record, we are not persuaded that Mr. Cotter's lack of standing with respect to the challenged component would result in a lack of standing with respect to the non-challenged components.

SUPREME COURT
OF
NEVADA

(O) 1947A