# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| DOMINO'S PIZZA, LLC, A FOREIGN LIMITED LIABILITY COMPANY,<br>Petitioner,<br>vs.<br>THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE JOSEPH HARDY, JR., DISTRICT JUDGE,<br>Respondents,<br>and<br>JONATHAN DEARY, AN INDIVIDUAL; AND MEGAN CHRISTINE HINES, AN INDIVIDUAL,<br>Real Parties in Interest. | No. 72961<br><br><br>**FILED**<br><br>MAY 15 2018<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY_____<br>DEPUTY CLERK |

## *ORDER DENYING PETITION FOR WRIT OF MANDAMUS*

This is an original petition for a writ of mandamus challenging a district court order denying a motion for summary judgment in a tort action. Having reviewed the documents submitted in this matter, and without deciding upon the merits of any claims raised therein, we are not persuaded that our extraordinary and discretionary intervention is warranted. *See* NRS 34.160; *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 679, 818 P.2d 849, 851, 853 (1991).

Petitioner asks that we direct the district court to grant its summary judgment motion on real parties in interests' vicarious liability claim, as well as other asserted claims below (negligence; negligent hiring, training, and supervision; and negligent infliction of emotional distress). However, petitioner and real parties in interest did not meaningfully

SUPREME COURT
OF
NEVADA

(O) 1947A

address the other asserted claims below, which in turn limited the district court's summary judgment ruling to the vicarious liability issue. Because the record is not well developed with respect to real parties in interests' other claims, our resolution of the vicarious liability issue, alone, will not dispose of the entire controversy. *See Archon Corp. v. Eighth Judicial Dist. Court*, 133 Nev., Adv. Op. 101, 407 P.3d 702, 708 (2017) (providing that "in the context of extraordinary writ relief, consideration of legal arguments not properly presented to and resolved by the district court will almost never be appropriate"); *see also Moore v. Eighth Judicial Dist. Court*, 96 Nev. 415, 416-17, 610 P.2d 188, 189 (1980) (determining that mandamus is not an appropriate remedy where resolution of a writ petition will not dispose of the entire controversy).

Thus, as petitioner has an adequate remedy in the form of an appeal from any adverse final judgment, *Beazer Homes Holding Corp. v. Eighth Judicial Dist. Court*, 128 Nev. 723, 730, 291 P.3d 128, 133 (2012), "we decline here to depart from this court's general policy of not considering writ petitions challenging the denial of summary judgment," *Yellow Cab of Reno, Inc. v. Second Judicial Dist. Court*, 127 Nev. 583, 585, 262 P.3d 699, 700 (2011). Accordingly, we

ORDER the petition DENIED

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Hon. Joseph Hardy, Jr., District Judge
Howard & Howard Attorneys PLLC
David Boehrer Law Firm
Eighth District Court Clerk